UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-384-MOC-DSC

| MELVIN MCCOY JERMAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, pro se, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| AT&T CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Judgment on the Pleadings, (Doc. No. 19), and on Plaintiff's Motion to Strike Defendant's Motion for Judgment on the Pleadings, (Doc. No. 22).

**I.    BACKGROUND**

Pro se Plaintiff Melvin McCoy Jerman filed this action against Defendant AT&T on July 12, 2020, seeking $6 million in damages. (Doc. No. 1). Plaintiff alleges federal jurisdiction under 15 U.S.C. § 1592, which is part of the Tariff Act of 1930, and attempts to assert one or more common law claims under North Carolina law. (Id.).

The following allegations are taken as true for the purposes of the motion for judgment on the pleadings. Sometime before this suit, Plaintiff opened a DirecTV account. (Doc. No. 1 at p. 4). In July 2017, he "cancelled his authorized services with DirecTV, a wholly-owned subsidiary of AT&T Corporation, after he was informed, that DirecTV was not authorized to offer customers the service deal he had accepted." (Id.). He further contends he "was informed he needed to return all devices in order to cancel his services, and not be charged any fees." (Id.). Plaintiff alleges he "returned all devices" and "received a statement from DirecTV, showing his

1

total amount due was $0.00…" He then alleges "[u]nknown to Plaintiff and unauthorized, Defendant opened an AT&T account, and sent a bill…for $501.56, asking for payment in full by 09/25/2017." (Id.).

Plaintiff did not pay the bill and AT&T assigned the defaulted amount to Sunrise Credit Services, Inc. for collection. (Id. at 6). Despite being called by Sunrise Credit Services regarding the account, Plaintiff never paid the bill. (Id. at 7). Instead, he contacted the Federal Communication Commission and the North Carolina Department of Justice and filed a fraud report with the Charlotte-Mecklenburg Police Department. (Id.).

On March 19, 2021, Defendant filed the pending motion for judgment on the pleadings. (Doc. No. 19). On the same day, the Court issued a notice to Plaintiff of Plaintiff's right to respond the motion for judgment on the pleadings. (Doc. No. 20). On April 30, 2021, Plaintiff filed the pending motion to strike Defendant's motion for judgment on the pleadings. (Doc. No. 22). Defendant has responded to Plaintiff's motion to strike, and this matter is ripe for disposition.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings when it would not delay trial. Fed. R. Civ. Pro. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." Occupy Columbia v. Haley, 738 F.3d 107, 115 (4th Cir. 2013) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, under Rule 12(c), a claim must be dismissed when a claimant's allegations fail to set forth a set of facts which, if true, would entitle the claimant to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to

survive a motion to dismiss). When considering a motion to dismiss, the Court is "obliged to accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the plaintiffs." Feminist Majority Found. v. Hurley, 911 F.3d 674, 685 (4th Cir. 2018). "However, the court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe v. City of Charlottesville, Va., 579 F.3d 380, 385–86 (4th Cir. 2009) (internal citations and quotations omitted).

Additionally, "[f]ederal courts are obliged to liberally construe filings by pro se litigants." U.S. v. Brown, 797 Fed. Appx. 85, 89 (4th Cir. 2019) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, even a pro se litigant's complaint should be dismissed when "it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief." Barefoot v. Polk, 242 Fed. Appx. 82, 83 (4th Cir. 2007) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)).

### III. DISCUSSION

In his Complaint, Plaintiff alleges the Court has jurisdiction under 19 U.S.C. § 1592. (Doc. No. 1 at p. 3). This statute identifies penalties for fraud, gross negligence, and negligence under the Tariff Act of 1930. It is well established that the Tariff Act of 1930 "does not provide for a private right of action." Potter v. Toei Animation Inc., 839 F. Supp. 2d 49, 53 (D.D.C. 2012). As Plaintiff attempts to bring his claims under a statute that does not provide for a private right of action, his claim under 19 U.S.C. § 1592 is dismissed with prejudice.

Next, liberally construing Plaintiff's Complaint, it appears that Plaintiff is also attempting to bring claims for common law negligence, gross negligence, fraud, and potentially breach of contract. Given that Plaintiff is proceeding pro se and given the lenient pleading standards of

Iqbal and Twombly, the Court will deny Defendant's motion for judgment on the pleadings as to Plaintiff's remaining claims at this time.

    **IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion for Judgment on the Pleadings, (Doc. No. 19), is **GRANTED** as to Plaintiff's claim under 19 U.S.C. § 1592 and **DENIED** as to Plaintiff's remaining claims.

2. Plaintiff's Motion to Strike Defendant's Motion for Judgment on the Pleadings, (Doc. No. 22), is **DENIED**.

Signed: June 18, 2021

*[Signature]*

Max O. Cogburn Jr.
United States District Judge