UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-384-MOC-DSC

| | |
|---|---|
| MELVIN MCCOY JERMAN, ) | |
| ) | |
| **Plaintiff, pro se,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| AT&T CORPORATION, ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on a Motion for Summary Judgment filed by Defendant AT&T Corporation, (Doc. No. 33), as well as a pro se Motion for Summary Judgment filed by Plaintiff Melvin McCoy Jerman, (Doc. No. 36). The Court held a hearing on the motions on June 13, 2022.[1] For the following reasons, Plaintiff's motion will be **DENIED**, Defendant's motion will be **GRANTED,** and this matter is **DISMISSED** with prejudice.

I. BACKGROUND AND UNDISPUTED FACTS

Pro se Plaintiff Melvin McCoy Jerman filed this action against Defendant AT&T Corporation on July 12, 2020, seeking $6 million in damages. (Doc. No. 1). Defendant moved for a Judgment on the Pleadings on March 19, 2021. (Doc. No. 19). On June 18, 2021, this Court granted that motion in part and denied it in part. (Doc. No. 24). The Court declined to dismiss Plaintiff's claims for negligence, gross negligence, fraud, negligent misrepresentation, and

---

[1] At the summary judgment hearing, Plaintiff informed the Court that he had a recorded message from an employee at AT&T whom he contacted about the alleged fraud. Following the Court's hearing, Plaintiff submitted a flash drive to the Court with the recorded message on it. The Court has listened to the recording and notes that, in addition to being inadmissible hearsay and not authenticated, the contents of the flash drive simply do not contain any evidence raising a genuine issue of disputed fact as to Plaintiff's claims.

breach of contract given the lenient pleading standards applied to pro se litigants. (Id.). After engaging in discovery, both Defendant and Plaintiff have moved for summary judgment. (Doc. Nos. 33, 36).

Sometime before this suit, Plaintiff opened a DirecTV account. (Doc. No. 1 at 4). In July 2017, he "cancelled his authorized services with DirecTV, a wholly-owned subsidiary of AT&T Corporation, after he was informed, that DirecTV was not authorized to offer customers the service deal he had accepted." (Id.). He "was informed he needed to return all devices in order to cancel his services, and not be charged any fees." (Id.). Plaintiff "returned all devices" and "received a statement from DirecTV, showing his total amount due was $0.00 . . . ." (Id.). Plaintiff alleges that "[u]nknown to the Plaintiff and unauthorized, the Defendant opened an AT&T account, and sent a bill . . . for $501.56, asking for payment in full by 09/25/2017." (Id.). Defendant disputes this characterization, identifying the payment request as a billing error. (Doc. No. 34 at 2–4, 12). Plaintiff did not pay the bill and AT&T assigned the defaulted amount to Sunrise Credit Services, Inc. for collection. (Doc. No. 1 at 6). Despite being called by Sunrise Credit Services regarding the account, Plaintiff never paid the bill. (Id. at 6–7). Instead, he contacted the Federal Communication Commission and the North Carolina Department of Justice and filed a fraud report with the Charlotte-Mecklenburg Police Department. (Id.).

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert Cnty., Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S. Ct. 2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

### III. DISCUSSION

#### a. Plaintiff's Negligence and Gross Negligence Claims are Barred by the Economic Loss Rule, And Plaintiff Has Not Demonstrated that Defendant Owed Him a Duty of Reasonable Care

Plaintiff's claims for fraud and for negligent misrepresentation fail as a matter of law because they are barred by North Carolina's economic loss rule. As the Fourth Circuit recently highlighted, "North Carolina law requires courts to limit plaintiffs' tort claims to only those claims which are identifiable and distinct from the primary breach of contract claim." Legacy

Data Access, Inc. v. Cadrillion, LLC, 889 F.3d 158, 164 (4th Cir. 2018) (quoting Broussard v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 346 (4th Cir. 1998)); see also Kerry Bodenhamer Farms, LLC v. Nature's Pearl Corp., No. 16 CVS 217, 2017 WL 1148793, at *7 (N.C. Super. Mar. 27, 2017) (North Carolina courts "have long limited the circumstances under which an ordinary contract dispute can be transformed into a tort action" to preserve contracting parties' legitimate expectations). Thus, an action in tort must be grounded on violation of a distinct duty to the plaintiff and "not a violation of a duty arising purely from 'the contractual relationship of the parties.'" Id. (quoting Roundtree v. Chowan Cnty., 796 S.E.2d 827, 831 (N.C. Ct. App. 2017)). This principle is known as the economic loss rule. Id. The Fourth Circuit has repeatedly rejected attempts by plaintiffs to maintain tort actions for breach of contract where the basis for those tort actions arises out of the same harm underlying the breach of contract action. Id. at 164–65 (citing Broussard, 155 F.3d at 346); see also Strum v. Exxon Co., 15 F.3d 327, 329 (4th Cir. 1994).

Here, Plaintiff has not demonstrated that Defendant owed him such a duty. A duty is defined as "an obligation . . . requiring the person to conform to a certain standard of conduct . . . [a duty] may flow from explicit requirements, i.e., statutory or contractual, or may be implied from attendant circumstances." Oberlin Capital, L.P. v. Slavin, 554 S.E.2d 840, 846 (N.C. Ct. App. 2001) (internal citations omitted). Plaintiff does not allege or put forth evidence of any explicit requirements that would establish a duty of care toward him on the part of Defendant, nor does he allege or put forth evidence of any attendant circumstances from which a duty can be implied. In response to Defendant's summary judgment motion, Plaintiff argues that companies have a duty for companies to bill their customers for services administered and "not in

accordance to stipulations in a contract that do not apply." (Doc. No. 39 at 2). Even construing this argument liberally, Plaintiff has not laid out any duty recognized by law.

Because Plaintiff has not shown a dispute of material fact which would indicate Defendant owed him any duty of reasonable care, express or implied, his negligence and gross negligence claims must fail as a matter of law. Accordingly, the Court will grant Defendant's summary judgment motion as to those claims.

### b. Plaintiff Has Not Demonstrated the Existence of Disputed Material Fact that Would Sustain a Fraud Claim

Plaintiff's claim for fraud fails because he did not rely on Defendant's alleged false representation or concealment. The essential elements of a fraud claim are "(1) [f]alse representation or concealment of material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." Rowan Cnty. Bd. of Educ. v. U.S. Gypsum Co., 332 N.C. 1, 17 (N.C. 1992) (internal citations omitted). Plaintiff has not presented any evidence indicating a false representation, nor any intent to deceive on the part of the Defendant. Rather, the dispute appears to arise from a billing error Defendant made and then corrected. (Doc. No. 33-1 at 49). Plaintiff argues in his opposition brief that his fraud claim should not be dismissed because Defendant has not produced any documents showing that his fraud claim is "not true." (Doc. No. 39 at 3). Defendant has, however, produced documentation indicating that the situation was a regrettable mishap, rather than a fraudulent action intended to deceive and damage Plaintiff. Defendant quickly corrected the error following notification, (Doc. No. 33-1 at 49), thus casting further doubt on other elements of a fraud claim, such as intent to deceive. In sum, Plaintiff has not satisfied his burden of demonstrating that there is a disputed issue of material fact that would allow him to sustain a fraud claim, and it will accordingly be dismissed.

Further, "[t]o recover in an action for fraud in North Carolina, a Plaintiff must show actual reliance" on the alleged misrepresentations. Pitts v. Am. Sec. Ins. Co., 550 S.E.2d 179, 189 n.8 (N.C. Ct. App. 2001) (citing Pleasant Valley Promenade v. Lechmere, Inc., 464 S.E.2d 47, 57 (N.C. Ct. App. 1995)). As Defendant notes, Plaintiff cannot show he is entitled to relief on the alleged misrepresentation because it is the very alleged misrepresentation that Plaintiff heavily disputed with Defendant, and the same alleged misrepresentation that the instant proceedings stem from. (Doc. No. 34 at 10–11). Because Plaintiff is not able to show any actual reliance on the alleged misrepresentations, his claim for fraud fails and must be dismissed.

### c. Plaintiff Has Not Demonstrated the Existence of Disputed Material Fact that Would Sustain a Negligent Misrepresentation Claim

Plaintiff's claim for negligent misrepresentation fails for similar reasons as his fraud claim. "[T]he tort of negligent misrepresentation occurs when (1) a party justifiably relies, (2) to his detriment, (3) on information prepared without reasonable care, (4) by one who owed the relying party a duty of care." Brinkman v. Barrett Kays & Assocs., P.A., 575 S.E.2d 40, 43–44 (N.C. Ct. App. 2003) (internal refs omitted) (emphasis added). This claim fails for similar reasons as Plaintiff's fraud claim: he has not alleged any facts showing that he actually relied on Defendant's alleged misrepresentation. (Doc. No. 34 at 10–11). Further, even if Plaintiff had pled such reliance, the legal standard for bringing a negligent misrepresentation claim requires justifiable reliance, and Plaintiff cannot demonstrate that any reliance on Defendant's alleged misrepresentation would be justified. Brinkman v. Barrett Kays & Assocs., 575 S.E.2d at 43–44. Because Plaintiff cannot demonstrate that he relied on Defendant's alleged misrepresentation, and because any reliance would be unjustified given the circumstances, he cannot sustain his negligent misrepresentation claim and it will be similarly dismissed.

### d. Plaintiff Has Not Demonstrated the Existence of Disputed Material Fact that Would Sustain a Breach of Contract Claim

Plaintiff has not raised an issue of disputed material fact as to his breach of contract claim, nor has he shown that he is entitled to damages for any alleged breach. Plaintiff has not identified with peculiarity either the existence of a contract, the terms of the alleged contract, or which of Defendant's actions would constitute a breach of that alleged contract. As mentioned prior, this situation appears to be an unfortunate accident on the part of Defendant, one which was quickly identified by Plaintiff and quickly rectified by Defendant. (Doc. No. 33-1 at 49). Accordingly, in the absence of some peculiar term alleged by Plaintiff with evidence supporting the assertion that such term was breached, it is difficult to imagine which term of the alleged contract Defendant could have breached. Thus, since he has not identified the existence or terms of the contract he alleges Defendant has breached, Plaintiff cannot maintain a breach of contract action against Defendant.

Further, even if Plaintiff could maintain an action for breach of contract, the damages he claims from the alleged breach are not recoverable under North Carolina law. In determining damages for breach of contract under North Carolina law, "[t]he injured party is entitled to full compensation for his loss, and to be placed as near as may be in the condition which he would have occupied had the contract not been breached." Troitino v. Goodman, 35 S.E.2d 277, 281 (N.C. 1945) (internal citations omitted). Plaintiff is in the same position he would have been had the alleged contract not been breached because the documentation he produced shows that Defendant closed both accounts with a zero balance. (Doc. No. 33-1 at 49–50). Thus, Plaintiff ended up where he began before the whole interaction with Defendant that led to this suit—not owing Defendant any money. It is hard to imagine how a damages award would further the law's goal of putting Plaintiff where he was prior to the alleged breach, as he is already in that position.

Finally, Plaintiff's claims for damages stemming from emotional and mental distress as well as other medical concerns, (Doc. No. 1 at 4), similarly fail, as they are those damages are not recoverable under North Carolina law in Plaintiff's circumstances. Under North Carolina law, damages for mental anguish stemming from breach of contract must meet three requirements:

> First, that the contract was not one concerned with trade and commerce with concomitant elements of profit involved. Second, that the contract was one in which the benefits contracted for were other than pecuniary, *i.e.*, one in which pecuniary interests were not the dominant motivating factor in the decision to contract. And third, the contract must be one in which the benefits contracted for relate <u>directly</u> to matters of dignity, mental concern or solitude, or the sensibilities of the party to whom the duty is owed, and which <u>directly</u> involves interests and emotions recognized by all as involving great probability of resulting mental anguish if not respected.

<u>Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A.</u>, 395 S.E.2d 85, 96 (N.C. 1990) (quoting <u>Stanback v. Stanback</u>, 254 S.E.2d 611, 620 (N.C. 1979)). The Court finds that Plaintiff's claim for mental anguish damages fails on each prong, but most clearly on the third. Plaintiff was contracting, if anything, for television and internet services. While these are important services that bring great pleasure and efficiency to modern life, they are not the kind of services which "<u>directly</u> involve interests and emotions recognized by all as involving great probability of resulting mental anguish if not respected." <u>Id.</u> Thus, Plaintiff's claimed damages fail on the third requirement and are barred as a matter of law.

For the reasons outlined above, Plaintiff cannot maintain a breach of contract action against Defendant. Plaintiff has not identified a disputed issue of material fact that would enable him to prove the existence of a contract, the terms of that alleged contract, or which of Defendant's actions would have constituted a breach of that contract. Further, even if Plaintiff had properly pled and alleged a dispute of material fact as to the existence and breach of a contract, the damages he claims are barred as a matter of law, as he is in the same position he

would have been pre-breach, and his claimed emotional damages do not meet the relevant legal standard. Accordingly, the Court will grant Defendant's summary judgment motion as to Plaintiff's breach of contract claim.

## IV. CONCLUSION

For those reasons, the Court will grant Defendant's Motion for Summary Judgment, (Doc. No. 33), as to all of Plaintiff's remaining claims (negligence, gross negligence, fraud, negligent misrepresentation, and breach of contract) and will deny Plaintiff's pro se Motion for Summary Judgment, (Doc. No. 36).

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Summary Judgment, (Doc. No. 33), is **GRANTED**, Plaintiff's Motion for Summary Judgment, (Doc. No. 36), is **DENIED**, and this action is **DISMISSED** with prejudice.

Signed: July 20, 2022

Max O. Cogburn Jr.
United States District Judge